555 So.2d 71 (1989)
Debra COLLINS
v.
LOWNDES COUNTY PUBLIC WELFARE DEPARTMENT.
No. 89-CA-0471.
Supreme Court of Mississippi.
December 13, 1989.
Donna S. Smith, Columbus, for appellant.
No brief filed for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
*72 PITTMAN, Justice, for the Court:
The Lowndes County Public Welfare Department, on October 18, 1988, petitioned pursuant to Miss. Code Ann. § 43-21-309 (Supp. 1989) that a shelter hearing be held for the purpose of finding if there was probable cause for a hearing on the merits as to whether M.P., now aged 2 years 10 months, and C.C., now aged 19 months, were neglected children. Debra Collins, the mother of the children, was separated at the time from her husband, Michael, who was the father of C.
The shelter hearing was held on October 19, 1988. There was testimony that the children had an unusually high number of preventable accidents, that C. suffered from a yeast infection/diaper rash which had not been properly treated, and that the man who lived with Mrs. Collins and the children physically abused her and the children. Mrs. Collins denied or rebutted all these allegations. At the close of the hearing the judge found that there was probable cause that the allegations were true, and placed the children in the custody of Russell and Martha Poole, the father and stepmother of Mrs. Collins, until November 8, 1988, when a hearing could be held on the merits.
The adjudicatory hearing was held on November 9, 1988. Mrs. Collins was present and represented by counsel. The trial court failed at the outset of the hearing to explain all rights as mandated by Miss. Code Ann. § 43-21-557(1)(e) (1972). Counsel for Mrs. Collins did not object to this omission. Much of the testimony was repetitive of what was given at the shelter hearing. Russell and Martha Poole, father and stepmother of Mrs. Collins, testified that M. had spent approximately half his life with them, by the mutual agreement of the Pooles and Mrs. Collins. Mrs. Collins testified that her husband gave her approximately $100 per month child support when he could, that Medicaid paid the children's doctor bills, and that she received food stamps and $120 per month through ADC, and that she received a salary of $130-140 per month working as a waitress. Mrs. Collins also testified as to day care arrangements she had attempted to make. Michael Collins, father of C., was present at this hearing, but was not called to testify.

I.

DID THE COURT ERR IN MAKING A TEMPORARY CHANGE IN CHILD CUSTODY?
The trial court found that the children were neglected, and placed the children in the custody of their grandparents for a period not to exceed three months. Mrs. Collins was to receive counseling and attend parenting classes, and was allowed liberal visitation rights. On November 21, 1988, Collins filed a Motion to Reconsider, alleging that neglect had not been proved by a preponderance of the evidence. The Motion was denied.
The trial court allowed appeal without prepayment of costs and expenses but denied supersedeas.
When a Youth Court makes an adjudication of neglect, this Court considers all the evidence before the Youth Court in the light most favorable to the State. In Interest of M.R.L., 488 So.2d 788, 791 (Miss. 1986). If the evidence so considered is opposed to the finding of the Youth Court with such force that "reasonable men" could not have found as the Youth Court did by a preponderance of the evidence, this Court must reverse. The evidence at trial was such that a reasonable person could have found as the youth court did thus the granting of temporary custody was not in error. In Interest of M.R.L., 488 So.2d 788 (Miss. 1986).
This Court's affirmance of the granting of temporary custody to the grandparents does not prejudice Mrs. Cooper as to her hearing for permanent custody. All that is involved here is the trial court's order that Mrs. Cooper needs training in parenting and a temporary relief from parenthood. The issue of whether Mrs. Cooper is fit to have permanent custody of her children is left to the Youth Court.
The Lowndes County Public Welfare Department did not file a brief in this cause. This Court has stated that it treats "the failure to file a brief as a confession of error unless from the face of the appeal *73 there manifestly is none." In Interest of R.T., 520 So.2d 136, 138 (Miss. 1988). This Court is appalled that the Welfare Department would disregard the well-being of a child and the needs of this Court by not filling a brief. The Clerk of this Court by letter called their attention to their failure to file a brief after the time for filing had passed. Still no brief from the appellee. We cannot know if harm has been done or if the situation concerning custody is controlled or settled or if the Welfare Department is carrying out its responsibility toward the children. We only know that there is no manifest error in the trial record and hope that there is not a miscarriage of justice in the case sub judice. The Public Welfare Department failed this Court and its attention to its responsibility and its duty to the minor children in not filing a brief in this cause. However, because the custody was temporary and the award of custody was not final, we affirm the court below.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.