ROY NOBLE LEE, Chief Justice,
for the Court:
The Harrison County Family Court found that E.S., a minor child, — years of age, was sexually abused by her father. The court further found that the three minor children, siblings of E.S., were neglected and abused children within the meaning of the Youth Court Act of 1979. The court ordered that the children be placed in the home of their mother under the supervision of the Harrison County Welfare Department; that the mother and father, parents of the children, and E.S. attend and complete child abuse counseling and treatment; and that the father be enjoined from contact with the minor children until completion of the treatment. The parents appeal the decision of the Harrison County Family Court and present two issues for consideration by this Court.
FACTS
On November 30, 1987, E.S., a minor, and her sister, J.S. also a minor, were placed in the Harrison County Family Court shelter facilities for their protection. The placement resulted from information provided to the Harrison County Welfare Department by E.S. that she had been sexually abused. E.S. stated that she had been abused by her father on numerous occasions, the last time being on Friday, November 27,1987. Her sister reported no such abuse as to herself.
On December 2, 1987, a shelter hearing was heard in the Harrison County Family Court and an order was entered to the effect stated hereinbefore. The court also appointed Sandra Dugan as Guardian Ad Litem for the minor children.
On June 20, 1988, the case at bar was heard by the Harrison County Family Court. It is not necessary that we detail all the evidence in the ease. It is sufficient to say that offered in evidence were statements made by E.S. to Dr. J. Donald Math-erne, who, through stipulation, was accepted as an expert in clinical psychology in the present case. He entertains approximately four cases a week where he is called on to evaluate and test children where sexual abuse had been alleged, and has consulted with the Harrison County Family Court regarding sexual abuse cases for approximately ten years. He examined E.S. on two separate occasions, i.e., December 1, 1987 and March 23, 1988. After detailing his examination and findings, Dr. Matherne was of the opinion that E.S. had been sexually abused by her father.
The father of E.S., aged 61, and the mother of E.S. and wife of the father, both testified. The father denied engaging in any kind of sexual activity with E.S., and the mother was of the opinion that the father had not sexually abused E.S.
LAW
I.
WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE FINDING OF THE FAMILY COURT THAT E.S. HAD *850 BEEN SEXUALLY ABUSED BY HER FATHER?
II.
DID THE FAMILY COURT ERR IN FINDING THE SIBLINGS OF E.S. NEGLECTED AND ABUSED WITHIN THE MEANING OF THE YOUTH COURT ACT?
The appellants, the parents of E.S., first contend that the evidence was not sufficient to support a finding that E.S. had been sexually abused by the father. The burden of proof by the State must be the establishment of its case by a preponderance of the evidence.
If the court finds from a preponderance of the evidence that the child is a neglected child or an abused child, the youth court shall enter an order adjudicating the child to be a neglected child or an abused child.
Miss.Code Ann. § 43-21-561(3) (1972). See In Interest of I.G., 467 So.2d 920, 924 (Miss.1985) for burden of proof. Upon review, this Court considers all the evidence before the Youth Court in' the light most favorable to the State. In so doing, we are of the opinion here that the evidence preponderates in favor of the State and that it was sufficient to support a finding that E.S. was sexually abused by her father. Collins v. Lowndes County Public Welfare Dept., 555 So.2d 71, 72 (Miss.1989); In Interest of M.R.L., 488 So.2d 788, 791 (Miss.1986).
As to issue two, the Harrison County Family Court found that M.S., J.S., and A.S., siblings of E.S. were neglected and abused minor children within the meaning of the Court Act. A neglected child is any child:
whose parent ... or any person responsible for his care or support, neglects or refuses, when able so to do, to provide for him .proper and necessary care or support, or education as required by law, or medical, surgical, or other care necessary for his well-being; ... [or] who is otherwise without proper care, custody, supervision, or support; or ... who, for any reason, lacks the care necessary for his health, morals or well-being.
Miss.Code Ann. § 43-21-105(2) (1990) [1].
The Harrison County Family Court’s holding that one child is neglected when that child’s sibling is abused is supported by cases from foreign jurisdictions. In Interest, of J.A.J., 652 S.W.2d 745 (Mo.App. 1983); New Jersey Div. of Youth and Family Services v. A. W., 103 N.J. 591, 512 A.2d 438 (1986); In Interest of A.K.S., 602 S.W.2d 848 (Mo.App.1980). In In Interest of A.K.S., two minor children were removed from the custody of their mother. The mother argued that the lower court was in error in removing both children from her custody when all of the evidence of abuse related to one child only and none to the other. The appellate court, rejecting her contention, stated that “the harm to a sibling, potential in the harm done to another child, is sufficient to justify intervention of the court to remove the sibling from the harmful environment.” In Interest of A.K.S., 602 S.W.2d at 851.
We are of the opinion that the Harrison County Family Court’s order enjoining the father from contact with the siblings of E.S. is justified by the potential harm those children would be subjected to in light of the fact that the father has already perpetrated sexual abuse upon one of his children.
Since the father was enjoined from contact with his minor children until the suc *851 cessful completion of the Child Sex Abuse Treatment Team Program at the Gulf Coast Mental Health Center, this cause will be affirmed and remanded to the Harrison County Family Court for further action consistent with this opinion.
AFFIRMED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.

. The definition of a neglected child under the Family Court Act differs slightly but not substantially.
"Neglected child” means a child whose parent ... or any person legally responsible for his care or support, neglects or refuses when able so to do, to provide for him proper necessary care or support, or education as required by law, or medical, surgical or other care necessary for his well-being; who is without otherwise proper care, custody, supervision or support, ... or who, for any reason, and as the result of the faults or habits of anyone lacks the care necessary for his health, morals, or well-being; or who is found in a disreputable place, or who associates with vagrant, vicious, or immoral persons. Miss.Code Ann. § 43-23-3(h) (1972) (emphasis added).