579 So.2d 1269 (1991)
In the Interest of A.R. and B.R.
NATURAL MOTHER
v.
HINDS COUNTY WELFARE DEPARTMENT.
No. 89-CA-093.
Supreme Court of Mississippi.
May 15, 1991.
Merrida P. Coxwell, Jr., Stanfield, Carmody & Coxwell, Jackson, for appellant.
Larry Stamps, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
The Hinds County Welfare Department filed a petition in the Hinds County Youth Court, for the First Judicial District of Hinds County, alleging that A. and B.R., minor children, were abused children pursuant to Miss. Code Ann. § 43-21-105(m) (Supp. 1988). That court ordered the children's natural mother and custodial parent to attend parenting classes at a parent/child center and be under the supervision of the Hinds County Welfare Department for six (6) months. The mother appeals the order of the Hinds County Youth *1270 Court presenting one issue for discussion by this Court.

FACTS
On October 17, 1988, the father of A., born on April 9, 1979, and B.R., born on July 9, 1980, reported to a Hinds County Welfare Department worker that, when he picked up A. and B.R. for his regular visitation, from the home of the mother, he observed that the boys had bruises on their buttocks. The parents of the children were divorced in 1985 and pursuant to the decree the mother had custody of A. and B.R.
The mother testified that A. and B.R. had received a spanking, with a leather gun strap, similar to a belt, from their stepfather. The spankings resulted from conversations the mother had with the boys' teachers wherein she was informed that the boys had not been doing their homework; that they had not been obeying their teachers; that they had been disrupting class and that they had thrown pencils in school urinals. The mother was advised, by one teacher, that notes concerning the boys misbehavior had been sent home with the boys. She had no knowledge of such notes but discovered the notes hidden in A.'s backpack. The mother further testified that the boys had not been behaving at home and that, prior to the administration of the corporal punishment, other forms of punishment, such as taking away the boys' privileges, had been utilized to no avail.
The record reflects that one of A.'s and B.R.'s teachers requested the mother grant her permission to administer corporal punishment upon the boys, in connection with the boys' misbehavior, since other forms of discipline were unsuccessful. Testimony at trial revealed that the day after the boys received spankings their behavior at home and at school improved.

LAW

IS THERE SUFFICIENT EVIDENCE TO SUPPORT THE YOUTH COURT REFEREE'S FINDING THAT A. AND B.R. ARE ABUSED CHILDREN WITHIN THE MEANING OF THE YOUTH COURT ACT?
The appellant, the mother of A. and B.R., contends that the evidence was not sufficient to support a finding that A. and B.R. are abused children within the meaning of the Youth Court Act. The State must establish its case by a preponderance of the evidence.
If the court finds from a preponderance of the evidence that the child is a neglected child or an abused child, the youth court shall enter an order adjudicating the child to be a neglected child or an abused child.
Miss. Code Ann. § 43-21-561(3) (1972). See In Interest of E.S., M.S., J.S. v. State, 567 So.2d 848, 850 (Miss. 1990); In Interest of I.G., 467 So.2d 920, 924 (Miss. 1985). When a Youth Court makes an adjudication of abuse, this Court considers all of the evidence before the Youth Court in the light most favorable to the State. In Interest of TLC, 566 So.2d 691, 701 (Miss. 1990); Collins v. Lowndes County Public Welfare Department, 555 So.2d 71, 72 (Miss. 1989); In Interest of M.R.L., 488 So.2d 788, 791 (Miss. 1986). "If the evidence so considered is opposed to the finding of the Youth Court with such force that `reasonable men' could not have found as the Youth Court did by a preponderance of the evidence, this Court must reverse." In Interest of TLC, 566 So.2d at 701 (quoting Collins, 555 So.2d at 72).
An abused child is a child "whose parent, guardian or custodian or any person responsible for his care or support, whether legally obligated to do so or not, has caused or allowed to be caused upon said child sexual abuse, sexual exploitation, emotional abuse, mental injury, nonaccidental physical injury or other maltreatment." Miss. Code Ann. § 43-21-105(m) (Supp. 1990). The Mississippi Youth Court Act was not intended to and does not prohibit the use of corporal punishment in disciplining a child. Injury is labeled abusive only when it constitutes maltreatment.
A parent, being charged with the training and education of his child, has a right to adopt such disciplinary measures for the child as will enable him to discharge *1271 his parental duty. Accordingly, he has a right to correct the child by reasonable and timely punishment, including corporal punishment... . A parent has a wide discretion in the performance of such functions. The control and proper discipline of a child by the parent may justify acts which would otherwise constitute assault and battery, but the right of parental discipline clearly has its limits.... The rule recognized by a majority of the courts is that a parent may, without criminal liability, inflict such punishment as is reasonable under the facts and the circumstances.
59 Am.Jur.2d Parent and Child § 22, 152-53 (1987).[1] "The test of unreasonableness is met at that point where the parent ceases to act in good faith and with parental affection, and acts immoderately, cruelly or mercilessly, with a malicious desire to inflict pain rather than a genuine effort to correct the child by proper means." State v. Hunt, 2 Ariz. App. 6, 20, 406 P.2d 208, 222 (1965).
The Youth Court exceeded its authority in finding A. and B.R. abused children. The record demonstrates the insufficiency of the evidence to support Youth Court jurisdiction over the status of A. and B.R. The social worker did not interview the boys' school teacher who had reported the behavioral problems to the mother and step-father nor did she review the boys' school records; she did not interview the mother or step-father or examine the home environment of the boys; the social worker did not talk to the medical doctor who examined the boys for evidence of child abuse; she did not look at the belt or belt-like strap used in the discipline of the boys; the social worker did not have the boys tested or evaluated by experts; nor does the record contain any medical records showing evidence of physical abuse.
We are of the opinion that, under the facts of this case, that a reasonable person could not have found that A. and B.R. were abused children by a preponderance of the evidence. The order of the Hinds County Youth Court should be reversed and remanded.
REVERSED AND REMANDED.
HAWKINS, and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] In Ingraham v. Wright, 498 F.2d 248, 260-61 (5th Cir.1974), the Fifth Circuit held that:

Mild or moderate use of corporal punishment as a disciplinary measure in an elementary or secondary school normally will involve only transitory pain of a non-intense nature and will not cause intense or sustained suffering or personal injury. For this, reason ... such punishment per se cannot presently be held to be "excessive" in a constitutional sense, or so "degrading" to the "dignity" of school children as to violate the Eighth Amendment... . [I]t is significant that a large number of states continue to authorize the use of moderate corporal punishment, and that corporal punishment apparently is still utilized in many school systems. Faced with this evidence of what is apparently considered appropriate by the American people, we would be loath to suggest that at this time corporal punishment is "unacceptable to contemporary society," [citation omitted] or that it is "abhored" by popular sentiment [citation omitted].
Id. at 260.