749 So.2d 105 (1999)
J.R.T. and K. T.
v.
HARRISON COUNTY FAMILY COURT.
No. 1998-CA-00863-SCT.
Supreme Court of Mississippi.
November 24, 1999.
Andrew Edward Franz, Gulfport, Attorney for Appellants.
Wade M. Baine, Gulfport, J.D. Woodcock, Jackson, Attorneys for Appellee.
BEFORE SULLIVAN, P.J., SMITH AND COBB, JJ.

STATEMENT OF THE CASE
SMITH, Justice, for the Court:
¶ 1. J.R.T. and K.T. (the parents) appeal to this Court from an order issued on August 17, 1998, by Honorable Michael H. Ward, Harrison County Family Court Judge. They contend the lower court erred in not declaring them indigent and not providing them with the transcript of the mandated "indigence hearing" and trial.
¶ 2. On May 18, 1997, the trial court adjudicated one of the minor children of the parents to be abused and their other children neglected. The court put specific *106 restrictions in the order to reunify the family.
¶ 3. The parents filed a Notice of Appeal and Indigent's Request for Transcript Motion simultaneously on May 28, 1998. The parents were seeking to be adjudicated as paupers and to be accorded the transcript of the civil trial. Justice Michael P. Mills of this Court entered an order on July 20, 1998, remanding the case to the lower court for the sole purpose of making a determination of whether in forma pauperis status should be granted pursuant to M.L.B. v. S.L.J., 519 U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996).
¶ 4. The Family Court ruled, based on the evidence presented, that the parents are not indigent, and if they were found to be indigent they would not be entitled to in forma pauperis status based on the clear reading of M.L.B. We need not address the indigency issue as the in forma pauperis issue solely controls in the case at bar, as directed by this Court's order of July 20, 1998. We affirm the ruling of the lower court.

STATEMENT OF THE FACTS
¶ 5. K.T. and J.R.T. are, respectively, the biological mother and father of two of the six children of K.T. J.R.T. is stepfather to K.T.'s other four children.
¶ 6. On May 18, 1997, one of the minor children was found to be abused and, as a result, all of the other children were found to be neglected pursuant to E.S. v. State, 567 So.2d 848 (Miss.1990). Custody of the children was granted to the mother, and the father was allowed supervised visitation.
¶ 7. On May 28, 1998, a Notice of Appeal was filed simultaneously with a pleading entitled Indigent's Request for Transcript Motion with the Mississippi Supreme Court. The parents were seeking to be declared indigent and to be given the transcript of the trial of the civil case. Additionally, the parents argue the court has demanded that J.R.T. confess to hurting his child, making this confession contingent to his being "rehabilitated" enough to see his children in unsupervised status.
¶ 8. An order of this Court was entered on July 20, 1998, by Justice Mills, remanding the case to the Harrison County Family Court for the sole purpose of making a determination of whether IFP status should be granted pursuant to M.L.B. On August 17, 1998, a hearing, as mandated by this Court was held. The judge stated he was called upon to decide two things: whether the parents were in fact paupers and if they were, whether they are entitled to receive a free transcript in a civil suit.
¶ 9. After testimony, the court ruled, "based upon the evidence presented the parents are not indigent and for the purpose of argument, if they were in fact indigent, they still are not entitled to IFP status based upon a clear reading in M.L.B." The court further said, "in this particular case, the United States Supreme Court made it clear in addressing the concerns of the dissenters in M.L.B., that this would not open floodgates for the granting of IFP status to anybody on cases that are not necessarily criminal in nature." "This is not a termination case because the court has not terminated J.R.T.'s rights to continue to be the father of his children." "In fact, J.R.T. has been granted restricted visits with his children." The court went on to state that in E.S. v. State, 567 So.2d 848 (Miss.1990), this Court ruled an order enjoining a father from contact with siblings, with children, until he successfully completed the Child Sexual Abuse Treatment Team Program was justified by the potential harm those children would be subjected to in light of the fact that the father had perpetrated sex abuse on one of the children. "By the same analogy, it is obvious that contact can be limited because of abuse." The family court has provided J.R.T. with the means to be reunited with his family of which he has not availed himself.
¶ 10. The lower court, having heard and considered the matter, found that J.R.T. *107 and K.T. were not indigent within the definition of M.R.A.P. 6. The family court further stated that even if they were to be determined indigent, the parents would still not be entitled to be granted IFP status because the parental rights of neither parent had been extinguished by the court within the meaning of M.L.B. The mother has custody of all six children and the father has restricted visitation with his children. The family court ordered in forma pauperis status be denied to J.R.T. and K.T, and ordered that the motion ore tenus for a free transcript of the proceedings be denied.
¶ 11. Having thoroughly considered this case we find that Issue I controls the outcome here as this Court previously ordered, and we need not discuss Issue II regarding indigency. We affirm the lower court.
STATEMENT OF THE ISSUES
I. WHETHER THE LOWER COURT ERRED IN FINDING THAT THE PARENTAL RIGHTS OF NEITHER PARENT HAD BEEN EXTINGUISHED WITHIN THE MEANING OF M.L.B. v. S.L.J., 519 U.S. 102,117 S.Ct. 555,136 L.Ed.2d 473(1996).
II. WHETHER THE LOWER COURT ERRED IN FINDING THAT J.R.T. AND K.T. ARE NOT INDIGENT.
IDISCUSSION OF LAWI
WHETHER THE LOWER COURT ERRED IN FINDING PARENTAL RIGHTS OF NEITHER PARENT HAD BEEN EXTINGUISHED WITHIN THE MEANING OF M.L.B. v. S.L.J., 519, U.S. 102, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996).
¶ 12. The parents argue that the lower court erred in refusing to grant them in forma pauperis status. They contend there has been a deprivation of their fundamental rights: the denial of a parent/child and husband/wife relationship. The lower court found J.R.T. and K.T. were not indigent pursuant to M.L.B., and therefore denied the Indigents' Request for Transcript Motion.
¶ 13. The parents argue that by not granting this motion they have been denied a fundamental interest. However, as correctly noted by the State, the United States Supreme Court, in M.L.B. stated: "This Court has repeatedly distinguished parental status termination decrees from mine run civil actions on the basis of the unique deprivation termination decrees work: permanent destruction of all legal recognition of the parental relationship". M.L.B., 519 U.S. at 105-106, 117 S.Ct. 555.
¶ 14. M.L.B., involved an indigent mother who sought in forma pauperis grant of the trial transcript so she could appeal the termination of her parental rights. The case at bar is in stark contrast to M.L.B. The record shows the children had been removed from the custody of their parents and have been adjudicated as neglected and/or abused. The children were returned to the mother, and the father was ordered to fulfill certain obligations as a prerequisite to reunification with his family. J.R.T. would be allowed visits under the supervision of the Department of Human Services. The Family Court judge cited at the hearing, E.S. v. State, 567 So.2d 848 (Miss.1990) stating contact can be limited due to abuse. In E.S., this Court held that an order enjoining a father from contact with siblings until he had successfully completed the Child Sexual Abuse Treatment Team Program was justified by the potential harm those children would be subjected to in light of the fact that the father had already perpetrated sexual abuse upon one of his children.
¶ 15. J.R.T. has been granted restricted visits with the children and has also been provided a means to reunite with his family which he has to date not utilized. There *108 has not been a permanent severance ordered by the court as in the case of M.L.B. If the State's judicial processes had been invoked to secure a severe alteration of the parents' fundamental rightsthe termination of the parental relationship with their childrenbasic notions of fairness and justice, of equal protection under the law, and of substantive and procedural due process, would require that the parents be afforded the right of appellate review even though they are unable to pay the costs of a review in advance. M.L.B, 519 U.S. at 109, 117 S.Ct. 555. However, no such alteration has occurred. There has been no termination of parental rights and thus a fundamental interest has not been implicated which would be protected by the Fourteenth Amendment. The Supreme Court in M.L.B., stated that a matter that is modifiable at the parties' will or based on changed circumstances does not involve a termination adjudication which involves the authority of the State "to destroy permanently all legal recognition of the parental relationship. M.L.B. at 128, 117 S.Ct. 555. The lower court judge indicated at the hearing that J.R.T. had a means provided to reunite with his family, but he has not taken advantage of the opportunity to do so.
¶ 16. What is most significant is that the United States Supreme Court in M.L.B. noted "parental termination decrees [are] apart from mine run civil actions even from other domestic relations matters such as divorce, paternity and child custody." M.L.B. at 127, 117 S.Ct. 555.
¶ 17. Thus the Court has declined to extend Santosky to paternity proceedings. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In Santosky, the Supreme Court stated a, "clear and convincing" proof standard is constitutionally required in parental termination proceedings. Santosky, 102 S.Ct. at 1393. In so ruling, the Court emphasized that a termination decree is "final and irrevocable". Id. The court has stated "few forms of state action are both so severe and so irreversible". M.L.B .at 118, 117 S.Ct. 555.
¶ 18. The case at bar is distinguishable from Santosky. The State has not dissolved the relationship between K.T. and J.R.T.. There is no action that lies against the parents that is final and irrevocable in regard to family structure.
¶ 19. Parental termination has been placed in a unique category of its own. K.T. and J.R.T. may have suffered a breakdown of the family unit, but parental termination would be more severe than custody existing in one of the natural parents where the remaining parent can still play a role in the child's life, can still see the child, even if they are not living together on a constant basis.
¶ 20. The United States Supreme Court has applied the Fourteenth Amendment to protect the rights of citizens, regardless of their financial condition to pursue fundamental legal interests. The foundation case in the relevant line of decisions is Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) which held a citizen could not be precluded from an appeal available to others simply because he could not afford to pay for a transcript of the trial. M.L.B. at 110, 117 S.Ct. 555. This line of precedent has since included not only felony cases but also misdemeanor appeals as in Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971) which held that a transcript must be provided for an indigent defendant appealing a conviction punished by a $500 fine with no jail time. M.L.B. at 111, 117 S.Ct. 555.
¶ 21. The Court has also recognized a narrow category of civil cases in which the State must provide access to its judicial processes without regard to a party's ability to pay court fees. M.L.B. at 113, 117 S.Ct. 555. In Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), fundamental rights were at issue ____a divorce proceeding. The Court made clear that a constitutional requirement *109 to waive court fees in civil cases is the exception, not the general rule. M.L.B. at 114, 117 S.Ct. 555. The Court "has consistently set apart from the mine run of civil cases those involving state controls or intrusions on family relationships." Id. at 116, 117 S.Ct. 555.
¶ 22. The line of cases argued by the parents in its proposition to this end is misplaced. The State correctly noted that the parents relied on Lassiter v. Department of Social Servs., 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) and Santosky which are cases recognizing that parental termination decrees require clear and convincing evidence. Lassiter, held that before a State may sever completely and irrevocably the rights of parents in their natural children, due process requires that the State support its allegations by at least clear and convincing evidence. Lassiter, 452 U.S. at 18, 101 S.Ct. 2153. Santosky, also ruled that a "clear and convincing "proof standard is constitutionally required in parental termination proceedings. Santosky, 455 U.S. at 745, 102 S.Ct. 1388.
¶ 23. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), was also broadly construed by the parents as well. This case held that under the Due Process Clause of the Fourteenth Amendment, an unwed father was entitled to a hearing on his fitness as parent before his children could be taken from him in a dependency proceeding. In May v. Anderson, 345 U.S. 528, 73 S.Ct. 840 97 L.Ed. 1221 (1953), the Court asked whether a mother who instituted a suit for divorce could be cut off from her right to care, custody, management, and companionship of her minor children without the state having personam jurisdiction. The father was awarded custody by decree in an ex parte divorce action.
¶ 24. As noted by the State in its brief, the parents have no substantial evidence which shows the parents' fundamental interests have been denied. The line of cases cited by the appellants for the most part relate to adoption/termination of parental rights proceedings. This case is not about either subject matters.
¶ 25. The parents also argue that their fundamental right to cohabit has also been impinged citing Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967), as authority. Contrary to the parents' contention, the premise of Loving was that it was unconstitutional, a violation of the equal protection clause, for the State to restrict freedom to marry solely because of racial classifications. Loving, 87 S.Ct. at 1824.
¶ 26. The facts of this case with regard to M.L.B. fail to show that the parental rights of K.T. and J.R.T have been terminated. Although J.R.T.'s visits are restricted his parental rights have not been permanently severed. K.T. has custody of all six children, and J.R.T. has limited visitation.
¶ 27. This Court's recent case of In re T.A.P., 742 So.2d 1095, 1103 (Miss.1999), is directly on point. This Court held a parental termination decision differs from one dealing with custody and visitation. Id. at*10. The case of K.T. and J.R.T. began in family court as did In re T.A.P. where this Court ruled, "A family court's decision terminating parental rights would be beyond its power." Id. Thus, in this case, there was no petition to terminate parental rights before the family court judge and the order of the family court judge did not declare that parental rights were terminated. The "order either terminates the parental rights or it does not". Id. (quoting Millien v. State, 408 So.2d 71, 74 (Miss.1981)) The termination of child custody and visitation rights does not, in and of itself, terminate parental rights. Id. (citing Humphrey v. Pannell, 710 So.2d 392, 402 (Miss.1998)) (Banks, J., concurring in part and dissenting in part)(granting custody to one parent is not tantamount to termination of parental rights).
¶ 28. The denial of the parents in forma pauperis status has not prevented the parents *110 from pursuing an avenue that may lead to the restoration of the rights as parents to their children because, there has not been a parental termination.

CONCLUSION
¶ 29. In sum, the interest involved here is not of the same constitutional magnitude as the fundamental interests as the parental termination in M.L.B. The state's judicial process had not been invoked to sever or alter the parents' fundamental rights. If there had been a termination of the parental relationship, then substantive and procedural due process would have required that the parents be afforded the right of appellate review. Such is not the case in this matter. The denial of the parents' in forma pauperis status under Mississippi law has not prevented the parents from pursuing an avenue that may lead to the restoration of the rights as a parent to their children, because their rights were not terminated but rather were restricted.
¶ 30. This Court will not disturb the judge's findings unless the judge was manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Thus, on appeal, this Court will uphold the judge's findings of fact which can be supported by substantial, credible evidence in the record. The Court, finding no error in the factual determination, will not disturb the ruling of the family court judge.
¶ 31. For the foregoing reasons, the judgment of the Harrison County Family Court is affirmed.
¶ 32. JUDGMENT AFFIRMED.
PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.