317 So.2d 899 (1975)
In the Interest of Edwin FERGUSON, a minor.
No. 48,622.
Supreme Court of Mississippi.
August 25, 1975.
George S. Monroe, Newton, for appellant.
A.F. Summer, Atty. Gen. by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and SUGG, JJ.
*900 INZER, Justice.
This is an appeal by Edwin Ferguson, a minor, from an order of the Youth Court of Newton County revoking his probation. We reverse and render.
A petition filed in the Youth Court of Newton County charging Edwin Ferguson, a minor, with malicious mischief resulted in his being adjudicated a delinquent child on November 15, 1972. He was placed on probation and required to report back to the court at each regular term. At the November 1973 term of the court the minor failed to appear and the court on its own motion without notice entered an order revoking the minor's probation. A warrant was issued for his arrest commanding the sheriff to have the minor before the court at the February 1974 term of the court. The warrant was not executed prior to the February 1974 term of the court, but was executed on May 4, 1974, when the minor was arrested and incarcerated in the county jail. After his arrest the minor, through the aid of his father, procured the service of an attorney to represent him. A petition for a writ of habeas corpus was filed in the Circuit Court of Newton County. After a hearing, the judge of the habeas corpus court entered an order directing the release of the petitioner.
The county attorney then filed a petition in the youth court to revoke the minor's probation. The attorney representing the minor filed a motion to dismiss the petition to revoke the probation on the ground that the original order adjudicating the minor delinquent was void because neither the minor nor his parent was advised of the right of the minor to be represented by counsel, and further that the minor was not advised of his right to remain silent and that anything he said could be used against him. It was also alleged that the failure to advise him of his right to counsel and of his right to remain silent resulted in his being adjudicated a delinquent solely on his confession in open court.
The court evidently considered the motion as a motion in the nature of a petition for a writ of error coram nobis and conducted a hearing thereon. The testimony established that the minor was never specifically advised that he had the right to counsel. The testimony also established that the minor was never advised that he had a right to remain silent and that anything he said could be used against him. The only evidence heard and considered by the court at the delinquency hearing was the statement of the minor that he had been involved in the incident as charged.
In spite of this showing, the youth court denied the petition to dismiss and sustained the petition to revoke the probation. An order was entered committing the minor to a state training school, and there to be detained until he reached the age of twenty years.
It is well settled that minors in a delinquency proceeding have both a statutory and constitutional right to counsel, and that both the minors and their parents should be advised of such right. Minors also have the constitutional right of confrontation and cross-examination and the privilege against self-incrimination. In the Interest of Triplett, 292 So.2d 171 (Miss. 1974), and In the Interest of Gressett, 272 So.2d 921 (Miss. 1972).
It is also well settled that in delinquency proceedings, involving a possible loss of freedom, the proof must establish beyond a reasonable doubt each and every element of the offense with which the minor is charged. Furthermore, before a confession of the minor is admissible, the proof must establish that corpus delicti existed, as well as show that the confession was voluntary. In the Interest of Earles, 294 So.2d 171 (Miss. 1974).
The record before us clearly established that the minor was never advised of his right to counsel, and that he was not advised of his right to remain silent *901 and anything he said could be used against him. Consequently, his confession was not admissible. Since there was no other evidence to support his adjudication of delinquency, it cannot stand.
For the reasons stated, we hold that the youth court abused its discretion in overruling the minor's motion to dismiss the petition for revocation of his parole. The order revoking the probation will be reversed and judgment entered here dismissing the petition for revocation.
Reversed and rendered.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.