915 So.2d 1076 (2005)
The Interest of J.N.
No. 2004-CA-01264-COA.
Court of Appeals of Mississippi.
November 29, 2005.
*1077 Patricia Peterson Smith, attorney for appellant.
W. Richard Johnson, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. J.N., a minor, by and through his parents, R.N. and D.N, appeals the order of the Warren County Youth Court that adjudicated J.N. as a child in need of supervision. Finding error we reverse and remand for further proceedings consistent with this opinion.

FACTS
¶ 2. J.N., an eight-year-old boy, was sent to Vicksburg Warren County Alternative School in the second grade. In February of 2004, J.N. was admitted to Pine Grove, a mental health hospital in Hattiesburg, Mississippi, for a complete psychological evaluation. J.N. was at Pine Grove for approximately eleven days. After returning from Pine Grove, J.N. was again placed at the alternative school.
¶ 3. On April 19, 2004, a petition for adjudication was filed with the Warren County Youth Court. The petition alleged that J.N. "willfully, knowingly and purposely" stabbed D.S., an eight-year-old boy, in the chest with a pencil. This incident occurred at the Vicksburg Warren Alternative School on March 25, 2004. Also, on April 19, 2004, Jerry Campbell was appointed as J.N.'s attorney.
¶ 4. After a hearing held on April 29, 2004, the youth court judge entered an order that adjudicated J.N. as a child in need of supervision, pursuant to Mississippi Code Annotated Section 43-21-105(k) (Rev.2004). J.N.'s parents were also ordered to pay restitution and attorney fees.
¶ 5. On May 4, 2004, the youth court judge ordered Warren Yazoo Mental Health Services to conduct a psychological evaluation of J.N.
¶ 6. On May 11, 2004, Patricia Peterson Smith entered her appearance as counsel for J.N.'s parents. The entry of appearance included a motion for withdrawal of order and other relief. The motion was heard on May 25, 2004. On June 15, 2004, the youth court judge denied J.N.'s parents' motion and placed J.N. on probation.
¶ 7. On June 16, 2004, J.N.'s parents filed a notice of appeal. On appeal, they assert the following errors: (1) the youth court erred in adjudicating J.N. a child in need of supervision, (2) J.N. was denied effective assistance of counsel, (3) the youth court erred in ordering restitution, and (4) the youth court erred in finding the issue of adjudication as res judicata and *1078 refusing the parents motion for a continuance and attempt to put on evidence.

STANDARD OF REVIEW
¶ 8. The trier of fact at a Youth Court hearing is the Youth Court judge. In re D.K.L., 652 So.2d 184, 189 (Miss. 1995). This Court's standard of review is limited in Youth Court cases. Id. at 189. In a challenge of a youth court adjudicatory or dispositional order regarding sufficiency of the evidence, the standard of review is a preponderance of the evidence. In re C.R., 604 So.2d 1079, 1083 (Miss. 1992).

ANALYSIS

I. Whether the youth court erred in adjudicating J.N. a child in need of supervision?
¶ 9. J.N.'s first issue argues that the youth court failed to provide J.N. and his parents, statutory due process. Specifically, J.N. argues that the youth court failed to explain the purpose of the hearing and the possible dispositional alternatives, the right to counsel, the right to remain silent, the right to subpoena witnesses and the right to cross-examine witnesses testifying against him and the right to appeal, which are required by Mississippi Code Annotated Section 43-21-557(1)(d) and (e)(Rev.2004).
¶ 10. The record, presented to us on appeal, is quite brief. At the April 29, 2004 hearing, the youth court judge ascertained the name, age and address of the accused child and his parents. The judge determined that the youth court had jurisdiction over J.N. due to his age and residency. Then, the following exchange occurred between the court and J.N.'s attorney:
By the Court: ... what says the child with regard to the allegation?
By Mr. Campbell: Your Honor, the child is only eight years of age. It's hard for him to tell me whether he did it or not. And I'm being honest, he has some problems. I've talked to his parents. I've talked to the victim's parents, too. They are obviously upset about what happened. But this child needs to be found in need of supervision to help his mother and daddy have the resources of this Youth Court to deal  he has some behavior problems, and that's  so we admit it.
By the Court: The child admits it?
By Mr. Campbell: Yes, Sir.
By the Court: Mrs. R.N., are you convinced that your son did in fact do this?
By Mrs. R.N.: Yes, Sir.
By the Court: You are?
By Mrs. R.N: (Nods head affirmatively).
By the Court: Mr. D.N., are you convinced that he did it?
By Mr. D.N.: Yes, Sir.
By the Court: All right. And I see the young man  let's see, D.S. [the victim].
By the Court: D.S., how old are you?
By the Victim: Nine.
By the Court: Okay, and out at the alternative school J.N., stabbed you in the chest with a pencil?
By the Victim: Yes, Sir.
By the Court: And this is J.N., sitting right here?
By Mr. Campbell: Yes, Sir.
By the Court: Okay, the Court is satisfied with talking  after the representation of the attorney and also the representation from the mother and father of the child J.N., and the statement of D.S., that, in fact, the child *1079 did stab the other one in the chest with a pencil. I, therefore, adjudicate J.N., to be a child in need of supervision....
¶ 11. There is no evidence in the record that the youth court judge advised J.N.'s parents of the protections due them under Mississippi Code Annotated Section 43-21-557(1)(d) and (e).
¶ 12. We recognize that the child's attorney and both of his parents admitted, in the colloquy quoted above, that J.N. stabbed another child in the chest. Normally, such admissions would be sufficient to support the judge's findings. However, Mississippi Code Annotated Section 43-21-553 (Rev.2004) provides for the acceptance of admissions:
At any time after the petition has been filed, all parties to the cause may appear before the judge and admit the allegations of the petition. The judge may accept this admission as proof of the allegations if the judge finds that:
(a) the parties making the admission fully understand their rights and fully understand the potential consequences of their admission to the allegations;
(b) the parties making the admission voluntarily, intelligently and knowingly admit to all facts necessary to constitute a basis for court action under this chapter;
(c) the parties making the admission have not in the reported admission to the allegation set forth facts that, if found to be true, constitute a defense to the allegation; and
(d) the child making the admission is effectively represented by counsel.
¶ 13. Here again, there is no evidence in the record that the youth court judge advised J.N.'s parents of the protections due them under Mississippi Code Annotated Sections 43-21-553 (Rev.2004).
¶ 14. We are of the opinion that the supreme court decision of In re I.G., 467 So.2d 920 (Miss.1985) controls the outcome of this case. There, the supreme court found that the record from the youth court hearing did not contain evidence that the judge met the procedural requirements of Mississippi Code Annotated Section 43-21-557, including the right to counsel and the right to appeal. Id. The court then concluded that the judge had a mandatory duty to comply with Section 43-21-557, and if the judge failed to do so, the statute required reversal of the youth court's dismissal. Id. Although the opinion discussed the child's lack of counsel, the court also recognized that the record did not show that the child's parents were "informed of any of the other rights enumerated at § 43-21-557(1)(e), including the right to remain silent, the right to subpoena witnesses, the right to cross-examine witnesses, and the right to appeal." Id. The court then concluded:
Our cases reversing youth court convictions for failure to inform the minor of his right to counsel generally turn on the inadmissibility of the confession. The youth court, in this case, interrogated the appellants without informing them of their right to assistance of counsel or their right to remain silent. The order upon which the subsequent citation of contempt was founded directly resulted from this interrogation. Therefore, in our view, the citation for contempt must also be reversed on the ground that it was based upon a court proceeding in which the appellants were denied statutory due process.
Id.
¶ 15. A child in youth court proceedings is entitled to certain due process rights that cannot be ignored. Sharp v. *1080 State, 127 So.2d 865, 869 240 Miss. 629, 638 (Miss.1961). At the beginning of an adjudication hearing, the youth court must explain to the parties the purpose of the hearing, the possible disposition alternatives, the right to counsel, the right to remain silent, the right to subpoena witnesses, the right to cross-examine witnesses testifying against him, and the right to appeal. Miss.Code Ann. § 43-21-557 (Rev.2004); In re T.L.C., 566 So.2d 691, 699 (Miss.1990).
¶ 16. For these reasons, we find that this case should be reversed and remanded for further proceedings consistent with this opinion.
¶ 17. THE JUDGMENT OF THE YOUTH COURT OF WARREN COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.
IRVING, J., Specially Concurring.
¶ 18. The majority finds that In the Interest of I.G., 467 So.2d 920 (Miss.1985), requires that this case be reversed and remanded for further proceedings. I agree.[1] Nevertheless, I write separately to address two matters which I believe deserve comment even though, because of the failures of the youth court judge, they do not affect the outcome.[2]
*1081 ¶ 19. The first comment stems from the parents' action in this case. It is clear to me that, by their silence, J.N.'s parents signaled their agreement with J.N.'s counsel's statement that "this child needs to be found in need of supervision to help his mother and daddy have the resources of this Youth Court to deal  he has some behavior problems, and that's  so we admit." They were not being prosecuted for a criminal offense; therefore, there was no reason for them to remain silent if J.N.'s attorney, in making the statement, was not speaking defacto on their behalf. Moreover, it seems that, in order to prevent the court from being misled, they were under an obligation to speak up if they disagreed with J.N.'s counsel's statement. A fair extrapolation from the statement is that the parents were without the necessary funds to provide the type of professional services that they recognized J.N. needed; consequently, they were willing to have him adjudicated a child in need of supervision so that those services could be obtained at public expense. That is not to say, however, that they were agreeing to an adjudication in the absence of supporting evidence. Prior to accepting their admission, the judge heard from the victim of the stabbing who testified that J.N. did indeed stab him. Under these circumstances, I think a compelling argument can be made that they waived any right to later contest the adjudication.
¶ 20. It is also reasonable to conclude that J.N. waived any right to later contest the adjudication, unless his counsel is deemed to have been ineffective or was without the authority to make the admission on J.N.'s behalf. On this point, I note that is one of the arguments made by J.N. in this appeal, even though it is not addressed by the majority opinion. The majority opinion also fails to address another argument made by J.N.: "The court erred in ordering restitution without a hearing on the amount and reason for restitution and without including an order in the record." However, since we are reversing the adjudication that J.N. is a child in need of supervision, it necessarily follows that the order for restitution is also reversed because it is based upon the adjudication, and the ineffective assistance of counsel issue is moot because of our disposition of the adjudication issue.
ISHEE, J., JOINS THIS SEPARATE WRITTEN OPINION.
NOTES
[1] In the Interest of I.G. is not factually on all-fours with our case, but it appears to embrace the proposition that the statutory mandates of the Youth Court Act must be strictly complied with. Id. at 924. Therefore, I do not address the factual differences.
[2] At the beginning of the adjudicatory hearing, the trial judge failed to comply with the provisions of Mississippi Code Annotated section 43-21-557(Rev.2004), which provides:

(1) At the beginning of each adjudicatory hearing, the youth court shall:
(a) verify the name, age and residence of the child who is the subject of the cause and ascertain the relationship of the parties, each to the other;
(b) ascertain whether all necessary parties are present and identify all persons participating in the hearing;
(c) ascertain whether the notice requirements have been complied with and, if not, whether the affected parties intelligently waived compliance in accordance with Section 43-21-507;
(d) explain to the parties the purpose of the hearing and the possible dispositional alternatives thereof; and
(e) explain to the parties:
(i) the right to counsel;
(ii) the right to remain silent;
(iii) the right to subpoena witness;
(iv) the right to cross-examine witnesses testifying against him; and
(v) the right to appeal.
(2) The youth court should then ascertain whether the parties before the youth court are represented by counsel. If a party before the youth court is not represented by counsel, the you court shall ascertain whether the party understands his right to counsel. If the party wishes to retain counsel, the youth court shall continue the hearing for a reasonable time to allow the party to obtain and consult with counsel of his choosing. If an indigent child does not have counsel, the youth court shall appoint counsel to represent the child and shall continue the hearing for a reasonable time to allow the child to consult with his appointed counsel.
(3) The youth court may then inquire whether the parties admit or deny the allegations in the petition as provided in Section 43-21-553.
(4) The youth court may at any time terminate the proceedings and dismiss the petition if the youth court finds such action to be conducive to the welfare of the child and in the best interest of the state.
Also, since J.N. admitted the allegations of the petition against him, the trial judge was obligated to comply with the provisions of section 41-21-553, which governs uncontested adjudications, before accepting J.N.'s admission. This section reads:
At any time after the petition has been filed, all parties to the cause may appear before the judge and admit the allegations of the petition. The judge may accept this admission as proof of the allegations if the judge finds that:
(a) the parties making the admission fully understand their rights and fully understand the potential consequences of their admission to the allegations;
(b) the parties making the admission voluntarily, intelligently and knowingly admit to all facts necessary to constitute a basis for court action under this chapter;
(c) the parties making the admission have not in the reported admission to the allegation set forth fact that, if found to be true, constitute a defense to the allegation; and
(d) the child making the admission is effectively represented by counsel.