IRVING, J.,
Specially Concurring.
¶ 18. The majority finds that In the Interest of I.G., 467 So.2d 920 (Miss.1985), requires that this case be reversed and remanded for further proceedings. I agree.[1] Nevertheless, I write separately to address two matters which I believe deserve comment even though, because of the failures of the youth court judge, they do not affect the outcome.[2]
*1081 ¶ 19. The first comment stems from the parents’ action in this case. It is clear to me that, by their silence, J.N.’s parents signaled their agreement with J.N.’s counsel’s statement that “this child needs to be found in need of supervision to help his mother and daddy have the resources of this Youth Court to deal — he has some behavior problems, and that’s — so we admit.” They were not being prosecuted for a criminal offense; therefore, there was no reason for them to remain silent if J.N.’s attorney, in making the statement, was not speaking defacto on their behalf. Moreover, it seems that, in order to prevent the court from being misled, they were under an obligation to speak up if they disagreed with J.N.’s counsel’s statement. A fair extrapolation from the statement is that the parents were without the necessary funds to provide the type of professional services that they recognized J.N. needed; consequently, they were willing to have him adjudicated a child in need of supervision so that those services could be obtained at public expense. That is not to say, however, that they were agreeing to an adjudication in the absence of supporting evidence. Prior to accepting their admission, the judge heard from the victim of the stabbing who testified that J.N. did indeed stab him. Under these circumstances, I think a compelling argument can be made that they waived any right to later contest the adjudication.
¶ 20. It is also reasonable to conclude that J.N. waived any right to later contest the adjudication, unless his counsel is deemed to have been ineffective or was without the authority to make the admission on J.N.’s behalf. On this point, I note that is one of the arguments made by J.N. in this appeal, even though it is not addressed by the majority opinion. The majority opinion also fails to address another argument made by J.N.: “The court erred in ordering restitution without a hearing on the amount and reason for restitution and without including an order in the record.” However, since we are reversing the adjudication that J.N. is a child in need of supervision, it necessarily follows that the order for restitution is also reversed because it is based upon the adjudication, and the ineffective assistance of counsel issue is moot because of our disposition of the adjudication issue.
ISHEE, J., JOINS THIS SEPARATE WRITTEN OPINION.

. In the Interest of I.G. is not factually on all-fours with our case, but it appears to embrace the proposition that the statutory mandates of the Youth Court Act must be strictly complied with. Id. at 924. Therefore, I do not address the factual differences.

. At the beginning of the adjudicatory hearing, the trial judge failed to comply with the provisions of Mississippi Code Annotated section 43-21-557(Rev.2004), which provides:
(1)At the beginning of each adjudicatory hearing, the youth court shall:
(a) verify the name, age and residence of the child who is the subject of the cause and ascertain the relationship of the parties, each to the other;
(b) ascertain whether all necessary parties are present and identify all persons participating in the hearing;
(c) ascertain whether the notice requirements have been complied with and, if not, whether the affected parties intelligently waived compliance in accordance with Section 43-21-507;
(d) explain to the parties the purpose of the hearing and the possible dispositional alternatives thereof; and
(e) explain to the parties:
(i) the right to counsel;
(ii) the right to remain silent;
(iii) the right to subpoena witness;
(iv) the right to cross-examine witnesses testifying against him; and
(v) the right to appeal.
(2) The youth court should then ascertain whether the parties before the youth court are represented by counsel. If a party before the youth court is not represented by counsel, the you court shall ascertain whether the party understands his right to counsel. If the party wishes to retain counsel, the youth court shall continue the hearing for a reasonable time to allow the party to obtain and consult with counsel of his choosing. If an indigent child does not have counsel, the youth court shall appoint counsel to represent the child and shall continue the hearing for a reasonable time to allow the child to consult with his appointed counsel.
(3) The youth court may then inquire whether the parties admit or deny the allegations in the petition as provided in Section 43-21-553.
(4) The youth court may at any time terminate the proceedings and dismiss the petition if the youth court finds such action to be conducive to the welfare of the child and in the best interest of the state.
Also, since J.N. admitted the allegations of the petition against him, the trial judge was obligated to comply with the provisions of section 41-21-553, which governs uncontested adjudications, before accepting J.N.’s admission. This section reads:
At any time after the petition has been filed, all parties to the cause may appear before the judge and admit the allegations of the *1081 petition. The judge may accept this admission as proof of the allegations if the judge finds that:
(a) the parties making the admission fully understand their rights and fully understand the potential consequences of their admission to the allegations;
(b) the parties making the admission voluntarily, intelligently and knowingly admit to all facts necessary to constitute a basis for court action under this chapter;
(c) the parties making the admission have not in the reported admission to the allegation set forth fact that, if found to be true, constitute a defense to the allegation; and
(d) the child making the admission is effectively represented by counsel.