978 So.2d 649 (2008)
In the Interest of N.W.
No. 2007-CA-00709-SCT.
Supreme Court of Mississippi.
April 3, 2008.
*650 John R. Reeves, J. Justin King, attorneys for appellant.
S. Malcolm O. Harrison, attorney for appellee.
Before WALLER, P.J., CARLSON and LAMAR, JJ.
CARLSON, Justice, for the Court.
¶ 1. The Hinds County Youth Court entered an order finding a minor child to have been physically abused by his father and giving custody of the minor child to his mother. The minor child's father appeals to this Court, seeking the return of custody to him; however, the father likewise asserts that he did not receive notice of the adjudicatory hearing or other hearings preceding the adjudicatory hearing. Finding error due to the youth court's failure to provide the required notice to the father prior to its adjudicating custody of the minor child to the mother, we reverse and remand.

FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. On September 27, 2006, the County Court of the First Judicial District of Hinds County, Youth Court Division, Judge Houston J. Patton presiding, entered an agreed order finding that it would be in the best interest of a minor child, Nathan,[1] then seven years and seven months of age, for his care and custody to "remain with his natural mother," but with the father having liberal weekend visitation rights with Nathan. This order also stated that "[t]his custodial arrangement shall be the order of this Court for the next forty-five days and thereafter will revert to the most current Chancery Court Order that is in place at the time this order expires." Finally, this agreed order provided, inter alia, that the father could not use corporal punishment on Nathan, and that forty-five days from the date of the order, the case would be transferred to chancery court "for any custody or child support issues."
¶ 3. On February 13, 2007, the County Court of the First Judicial District of Hinds County, Youth Court Division, Judge William Louis Skinner II, presiding, entered an Order Appointing CASA, an Emergency Order, and a Guardian Ad-Litem Order. In the CASA order, the youth court found, inter alia, that the appointment of a Court Appointed Special Advocate was necessary to assist the court in assuring that the best interests of the minor child were protected. The Emergency Order found that probable cause *651 existed to believe that Nathan was physically abused as set out in the Youth Court Act; that based on the emergent nature of the case, Nathan should be placed with his natural mother; and that the order would expire by its terms forty-eight hours after the signing of the order, excluding Saturdays, Sundays and state holidays as provided by statute.[2] The Guardian Ad-Litem Order provided that a local attorney would be appointed as Nathan's guardian ad litem.
¶ 4. Also, on February 13, 2007, the county prosecutor filed in youth court a petition alleging that Nathan was "[p]hysically abused within the meaning of Mississippi Code Annotated Section 43-21-105 (Miss.1981),"[3] and that the "Department of Human Services received a report stating that when the child got ready to take a bath the mother observed bruises on his bottom and legs. [Nathan] stated his father whipped him." The petition requested that "summons issue to said child and the parents or guardian of said child commanding them to be and appear in said Youth Court to respond to a Petition alleging said child to be physically abused. . . ."
¶ 5. On February 15, 2007, Judge Skinner entered a Shelter Hearing Order stating that pursuant to a hearing, the youth court found that probable cause existed to believe that Nathan was a physically abused child pursuant to the Youth Court Act and that the custody of Nathan should be placed with his natural mother pending an investigation by the Hinds County Department of Human Services.
¶ 6. An adjudicatory hearing was conducted on March 13, 2007, in youth court, Judge Skinner presiding, and pursuant to this adjudicatory hearing, Judge Skinner entered an Adjudicatory Order on March 19, 2007. This order stated, inter alia, that (1) upon hearing testimony of witnesses, the youth court determined that Nathan was a physically abused child under the Youth Court Act; (2) that Nathan should remain in the care and custody of his natural mother; (3) that the father would be allowed only supervised visitation with Nathan; and (4) that Nathan's father would have no contact with "any agent or parties associated with this case after the work hours of 8:00 a.m. to 5:00 p.m." Nathan's father filed a "Motion for New Trial or to Open Case and Take Additional Testimony," which motion was thereafter denied by Judge Skinner by order entered on March 27, 2007. Nathan's father timely appealed from the youth court's order denying his motion for a new trial.

DISCUSSION
¶ 7. The father presents five issues on appeal: (1) whether the youth court had jurisdiction to remove the minor child from his custody; (2) whether the youth court's order was supported by sufficient evidence; (3) whether the youth court's decision was consistent with the purpose and spirit of the Youth Court Act; (4) whether the youth court's decision was based on the terms of an expired and thus invalid order; and (5) whether the youth court's failure to make findings of fact and conclusions of law was reversible error. Finding one issue to be dispositive, we restate this issue here for the sake of discussion.

WHETHER THE YOUTH COURT HAD JURISDICTION.
¶ 8. Before proceeding further we must set out here "the rest of the story" not yet *652 revealed regarding the facts and proceedings before the youth court. Once this case was submitted to us on appeal, it became necessary to enter two orders directed to the trial court clerk for supplementation of the record. The first order stated that, although the father's designation of record included, inter alia, "all documents, including pleadings and orders, in the court file after September 15, 2006," the record was not complete. We stated in this first order that:
Inexplicably, several items which should be in the official record are not. For example, the Notice of Appeal states that the appellant is appealing from the trial court's March 27, 2007, order denying the appellant's motion for a new trial; however, while the appellant's record excerpts include a copy of an "Order Denying Motion for New Trial or To Open Case and Take Additional Testimony", the very order from which this appeal has been taken is not included in the trial court clerk's papers as part of the official record. Likewise, while the appellant's record excerpts include a copy of a "Motion for New Trial or to Open Case and Take Additional Testimony", this motion is not included in the trial court clerk's papers as part of the official record. Finally, glaringly absent from the record is a certified copy of the trial court clerk's docket entries, which inclusion in the record is required by rule regardless of the designation by the parties. Mississippi Rules of Appellate Procedure 10(a).
Accordingly, we directed that the record be supplemented consistent with this order.
¶ 9. Once the trial court clerk supplemented the record pursuant to this Court's order, we found it necessary to enter a second order, the reason for which will be self-explanatory upon a review of the language contained in this second order, which stated:
On November 29, 2007, the Court entered its Order directing that the record be supplemented since various documents were absent from the record which should have been included based on the appellant's designation of "[a]ll documents, including pleadings and orders, in the court file after September 15, 2006." The Order specifically noted that the "Order Denying Motion for New Trial or To Open Case and Take Additional Testimony" was absent from the record. The Order also noted that absent from the record were the "Motion for New Trial or to Open Case and Take Additional Testimony" and the trial court clerk's docket entries.
The Supplemental Record was filed with the Clerk of this Court on December 19, 2007. Included in the Supplemental Record were: (1) A copy of this Court's Order of November 29, 2007; (2) the Motion for New Trial or to Open Case and Take Additional Testimony; (3) the Youth Court's Adjudicatory Order of March 19, 2007; (4) the trial court clerk's docket entries; and (5) the Clerk's Certificate. In this supplementation, the trial court clerk complied with the Order's directive to provide a copy of the Motion for New Trial or to Open Case and Take Additional Testimony; however, the trial court clerk did not comply with the Court's directive that the Supplemental Record include the Order Denying Motion for New Trial or To Open Case and Take Additional Testimony. Likewise, the Supplemental Record includes the Youth Court's Adjudicatory Order of March 19, 2007, which was included in the original record filed with this Court. Thus, notwithstanding the original Designation of Record, and this Court's Order of November 29, 2007, still absent from the official record *653 before this Court is the Order Denying Motion for New Trial or To Open Case and Take Additional Testimony, which is the very order from which this appeal was taken.
IT IS THEREFORE ORDERED that the trial court clerk shall further supplement the record in this case by filing with the Clerk of this Court a certified copy of the Youth Court's "Order Denying Motion for New Trial or To Open Case and Take Additional Testimony" by January 7, 2008; and that the appellant shall pay the cost of this Supplemental Record.
The trial court clerk's second supplementation did indeed include a certified copy of the youth's court Order Denying Motion for New Trial or to Open Case and Take Additional Testimony.
¶ 10. The youth court docket in this case (which was furnished in the first supplementation) reflects the following:

02/12/07: Order Appt. CASA
02/12/07: Emer. Order
02/12/07: GAL Order
02/12/07: OTF
02/15/07: Shelter Hearing Order
02/20/07: Summons
03/19/07: Adjudicatory Order
03/19/07: Motion for New Trial
03/20/07: Order Appointing Invest.
GAL
03/27/07: Order Denying Motion for
New Trial

(Emphasis added). We note that Mississippi Rule of Appellate Procedure 10(b)(3) provides in pertinent part that, absent specific designation by a party, the record on appeal shall not include "subpoenas or summonses for any witness or defendant when there is an appearance for such person." (Emphasis added).
¶ 11. On appeal, the father protests profusely that he was not given notice of these various hearings. In his appellate brief, the father, through counsel, asserts, inter alia: "On February 12, 2007, the lower court entered an order removing [Nathan] from the custody of [the father] and placing him in the temporary care and custody of [the mother]," and "[t]he order does not recite that [the father] received notice of the hearing."[4] The father further asserts that "[o]n February 13, 2007, a Petition was filed with the lower court which requested that `summons issue' to [Nathan's] parents commanding them to appear at the lower court and respond to the petition;" that "[o]n February 15, 2007, a Shelter Hearing Order was entered placing [Nathan] in the custody of [the mother];" that "[t]he order does not recite that [the father] received notice of the hearing;" and that "[t]he record is devoid of any process being issued to or served upon [the father]." Finally, Nathan's father asserts that:
On March 19, 2007, an Adjudicatory Order was entered by the lower court ordering [Nathan] as a physically abused child. The order placed custody of [Nathan] with [the mother]. The order also limit's (sic) [the father's] visitation with [Nathan]. The order does not recite that [the father] received notice of the hearing resulting in the March 19, 2007, order. The record is devoid of any process being issued to or served upon [the father].
(Citations to the record omitted).
¶ 12. We have scoured the scant record in this case and we find nothing before us *654 which contradicts the father's assertions that he never received notice for these various hearings, including the hearing resulting in the youth court's entry of the Adjudicatory Order, which is the primary focus of this appeal. Concerning process, or notice, the youth court docket, which we received in the trial court clerk's first supplementation, merely states "02/20/07: Summons." This notation on the docket is certainly not proof that the summons was issued, much less served, upon the father as typically would be indicated by the return on the summons, which continues to be glaringly absent in the record.
¶ 13. We also note that in the appellee's brief, while the Hinds County Prosecuting Attorney asserts that the youth court had jurisdiction to enter the designated orders, he does not even attempt to rebut the father's assertions of lack of process/notice, nor does he direct us to one shred of proof in the record that reveals the father ever received notice of any of these hearings.[5]
¶ 14. Returning to Mississippi Rule of Appellate Procedure 10(b)(3), failing specific designation, subpoenas or summonses are not ordinarily included in the record because questions very seldom arise over a witness or a party failing to appear, but in today's case, the issue of notice upon the father is in the forefront of this appeal. Under the express language of Rule 10(b)(3), any summonses issued in this case, and returns thereon, should have been included in the record, even absent designation, since the record is devoid of any appearance made by the father in the youth court proceedings. On the other hand, we cannot fault the clerk for this failure to include process in the record because the clerk had no reason to know what issues the parties might assert on appeal, so the responsibility to designate the appropriate portions of the record on appeal necessarily falls upon the parties to the appeal, and more specifically, in this case, the father.
¶ 15. Notwithstanding this failure to designate any summonses issued in this case, the lack of proof in the record concerning notice to the father at these various hearings, and most importantly, the adjudicatory hearing of March 13, 2007, causes us to conclude that this case must be remanded. This Court previously has addressed the importance of process and notice to all interested parties in youth court matters:
A minor cannot waive process required by law, and the Court has no jurisdiction of the person until process has been served upon the minor and his parents, or persons standing in loco parentis. The notice to the parents may be waived by them, but not process on the minor.
In Re Edwards, 298 So.2d 703, 704 (Miss. 1974). In today's case, there is nothing in the record to even infer that Nathan's father waived notice.
¶ 16. We also note a failure of the youth court judge to comply with the provisions of Mississippi Code Annotated Section 43-21-557 (Rev.2004) prior to the commencement of the adjudicatory hearing on March 13, 2007. The transcript of the adjudicatory hearing reveals that, at the commencement of the hearing, Judge Skinner required Nathan's mother to state her name for the record and her relationship to Nathan. The youth court judge then recognized the Hinds County Prosecutor, who read into the record, verbatim, portions of *655 the petition which he had filed on February 13, 2007. Two witnesses were called to testify. The first witness, presumably a DHS employee, though she was never identified by occupation, was questioned by the county prosecutor and the guardian ad litem. The second witness, an employee of the Children's Advocacy Center in Jackson, was likewise questioned by the county prosecutor and the guardian ad litem. At the conclusion of this testimony, Judge Skinner permitted Nathan's mother to make statements to the court concerning Nathan and his best interest. This evidence no doubt depicted Nathan's father in a very negative light concerning his treatment of Nathan in the past and the prospect of potential violence by the father toward Nathan in the future.
¶ 17. Notwithstanding the evidence adduced at the adjudicatory hearing, which unquestionably was not tested via cross-examination by the father or his lawyer, since the father had no notice of the hearing, we point out the failure of the youth court judge to comply with the statutory mandates found in section 43-21-557, which states in relevant part:
(1) At the beginning of each adjudicatory hearing, the youth court shall:
(a) verify the name, age and residence of the child who is the subject of the cause and ascertain the relationship of the parties, each to the other;
(b) ascertain whether all necessary parties are present and identify all persons participating in the hearing;
(c) ascertain whether the notice requirements have been complied with and, if not, whether the affected parties intelligently waived compliance in accordance with Section 43-21-507;
(d) explain to the parties the purpose of the hearing and the possible dispositional alternatives thereof; and
(e) explain to the parties:
(i) the right to counsel;
(ii) the right to remain silent;
(iii) the right to subpoena witnesses;
(iv) the right to cross-examine witnesses testifying against him; and
(v) the right to appeal.
The record before us reveals that the youth court judge unquestionably failed to comply with these statutory requirements. We have found such noncompliance with these statutory requirements to be reversible error. In Interest of I.G., 467 So.2d 920, 922 (Miss.1985). See also In Interest of C.R., 604 So.2d 1079, 1082 (Miss.1992).

CONCLUSION
¶ 18. The Hinds County Youth Court failed to comply with the statutory requirements to assure notice to the father for the various hearings affecting the custody of his minor son, Nathan, and more specifically, the adjudicatory hearing which is at the heart of this appeal. We are thus constrained from the record and applicable law to reverse the youth court's adjudicatory order and to remand this case to the County Court for the First Judicial District of Hinds County, Youth Court Division, for further proceedings consistent with this opinion and the applicable statutes.
¶ 19. Again, we have only a skeletal record before us, but it appears that the last valid chancery court order or youth court order entered awarded custody of Nathan to the natural mother; therefore, pending further proceedings in the youth court and/or the chancery court, Nathan shall remain in the custody of his natural mother.
¶ 20. REVERSED AND REMANDED.
*656 SMITH, C.J., WALLER AND DIAZ, P.JJ., GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., NOT PARTICIPATING.
NOTES
[1] To protect the identity of the minor child, he is being identified by use of a fictitious name. See In Re Adoption of D.N.T., 843 So.2d 690, 693 n. 2 (Miss.2003).
[2] The Emergency Order was signed on February 12, 2007, and entered on February 13, 2007.
[3] See Mississippi Code Annotated Section 43-21-105(m) (Rev.2004) (Supp.2007).
[4] The order being referenced is the Emergency Order which was dated February 12, 2007, and entered on February 13, 2007.
[5] We acknowledge that while Mississippi Code Annotated Section 43-21-309 (Rev. 2004) provides for "[r]easonable oral or written notice" to the parents of any detention or shelter hearing, the record is likewise devoid of any evidence, written or oral, concerning notice to the father.