GRIFFIS, J.,
for the Court.
¶ 1. J.N., a minor, by and through his parents, R.N. and D.N, appeals the order of the Warren County Youth Court that adjudicated J.N. as a child in need of supervision. Finding error we reverse and remand for further proceedings consistent with this opinion.
FACTS
¶ 2. J.N., an eight-year-old boy, was sent to Vicksburg Warren County Alternative School in the second grade. In February of 2004, J.N. was admitted to Pine Grove, a mental health hospital in Hattiesburg, Mississippi, for a complete psychological evaluation. J.N. was at Pine Grove for approximately eleven days. After returning from Pine Grove, J.N. was again placed at the alternative school.
¶ 3. On April 19, 2004, a petition for adjudication was filed with the Warren County Youth Court. The petition alleged that J.N. “willfully, knowingly and purposely” stabbed D.S., an eight-year-old boy, in the chest with a pencil. This incident occurred at the Vicksburg Warren Alternative School on March 25, 2004. Also, on April 19, 2004, Jerry Campbell was appointed as J.N.’s attorney.
¶ 4. After a hearing held on April 29, 2004, the youth court judge entered an order that adjudicated J.N. as a child in need of supervision, pursuant to Mississippi Code Annotated Section 43-21-105(k) (Rev.2004). J.N.’s parents were also ordered to pay restitution and attorney fees.
¶ 5. On May 4, 2004, the youth court judge ordered Warren Yazoo Mental Health Services to conduct a psychological evaluation of J.N.
¶ 6. On May 11, 2004, Patricia Peterson Smith entered her appearance as counsel for J.N.’s parents. The entry of appearance included a motion for withdrawal of order and other relief. The motion was heard on May 25, 2004. On June 15, 2004, the youth court judge denied J.N.’s parents’ motion and placed J.N. on probation.
¶ 7. On June 16, 2004, J.N.’s parents filed a notice of appeal. On appeal, they assert the following errors: (1) the youth court erred in adjudicating J.N. a child in need of supervision, (2) J.N. was denied effective assistance of counsel, (3) the youth court erred in ordering restitution, and (4) the youth court erred in finding the issue of adjudication as res judicata and *1078 refusing the parents motion for a continuance and attempt to put on evidence.
STANDARD OF REVIEW
¶ 8. The trier of fact at a Youth Court hearing is the Youth Court judge. In re D.K.L., 652 So.2d 184, 189 (Miss.1995). This Court’s standard of review is limited in Youth Court cases. Id. at 189. In a challenge of a youth court adjudicatory or dispositional order regarding sufficiency of the evidence, the standard of review is a preponderance of the evidence. In re C.R., 604 So.2d 1079, 1083 (Miss.1992).
ANALYSIS

I. Whether the youth court erred in adjudicating J.N. a child in need of supervision?

¶ 9. J.N.’s first issue argues that the youth court failed to provide J.N. and his parents, statutory due process. Specifically, J.N. argues that the youth court failed to explain the purpose of the hearing and the possible dispositional alternatives, the right to counsel, the right to remain silent, the right to subpoena witnesses and the right to cross-examine witnesses testifying against him and the right to appeal, which are required by Mississippi Code Annotated Section 43-21-557(l)(d) and (e)(Rev.2004).
¶ 10. The record, presented to us on appeal, is quite brief. At the April 29, 2004 hearing, the youth court judge ascertained the name, age and address of the accused child and his parents. The judge determined that the youth court had jurisdiction over J.N. due to his age and residency. Then, the following exchange occurred between the court and J.N.’s attorney:
By the Court: ... what says the child with regard to the allegation?
By Mr. Campbell: Your Honor, the child is only eight years of age. It’s hard for him to tell me whether he did it or not. And I’m being honest, he has some problems. I’ve talked to his parents. I’ve talked to the victim’s parents, too. They are obviously upset about what happened. But this child needs to be found in need of supervision to help his mother and daddy have the resources of this Youth Court to deal — he has some behavior problems, and that’s — so we admit it.
By the Court: The child admits it?
By Mr. Campbell: Yes, Sir.
By the Court: Mrs. R.N., are you convinced that your son did in fact do this? ■
By Mrs. R.N.: Yes, Sir.
By the Court: You are?
By Mrs. R.N: (Nods head affirmatively)-
By the Court: Mr. D.N., are you convinced that he did it?
By Mr. D.N.: Yes, Sir.
By the Court: All right. And I see the young man — let’s see, D.S. [the victim].
By the Court: D.S., how old are you?
By the Victim: Nine.
By the Court: Okay, and out at the alternative school J.N., stabbed you in the chest with a pencil?
By the Victim: Yes, Sir.
By the Court: And this is J.N., sitting right here?
By Mr. Campbell: Yes, Sir.
By the Court: Okay, the Court is satisfied with talking — after the representation of the attorney and also the representation from the mother and father of the child J.N., and the statement of D.S., that, in fact, the child *1079 did stab the other one in the chest with a pencil. I, therefore, adjudicate J.N., to be a child in need of supervision ....
¶ 11. There is no evidence in the record that the youth court judge advised J.N.’s parents of the protections due them under Mississippi Code Annotated Section 43-21-557(l)(d) and (e).
¶ 12. We recognize that the child’s attorney and both of his parents admitted, in the colloquy quoted above, that J.N. stabbed another child in the chest. Normally, such admissions would be sufficient to support the judge’s findings. However, Mississippi Code Annotated Section 43-21-553 (Rev.2004) provides for the acceptance of admissions:
At any time after the petition has been filed, all parties to the cause may appear before the judge and admit the allegations of the petition. The judge may accept this admission as proof of the allegations if the judge finds that:
(a) the parties making the admission fully understand their rights and fully understand the potential consequences of their admission to the allegations;
(b) the parties making the admission voluntarily, intelligently and knowingly admit to all facts necessary to constitute a basis for court action under this chapter;
(c) the parties making the admission have not in the reported admission to the allegation set forth facts that, if found to be true, constitute a defense to the allegation; and
(d) the child making the admission is effectively represented by counsel.
¶ 13. Here again, there is no evidence in the record that the youth court judge advised J.N.’s parents of the protections due them under Mississippi Code Annotated Sections 43-21-553 (Rev.2004).
¶ 14. We are of the opinion that the supreme court decision of In re I.G., 467 So.2d 920 (Miss.1985) controls the outcome of this case. There, the supreme court found that the record from the youth court hearing did not contain evidence that the judge met the procedural requirements of Mississippi Code Annotated Section 43-21-557, including the right to counsel and the right to appeal. Id. The court then concluded that the judge had a mandatory duty to comply with Section 43-21-557, and if the judge failed to do so, the statute required reversal of the youth court’s dismissal. Id. Although the opinion discussed the child’s lack of counsel, the court also recognized that the record did not show that the child’s parents were “informed of any of the other rights enumerated at § 43-21-557(1)(e), including the right to remain silent, the right to subpoena witnesses, the right to cross-examine witnesses, and the right to appeal.” Id. The court then concluded:
Our cases reversing youth court convictions for failure to inform the minor of his right to counsel generally turn on the inadmissibility of the confession. The youth court, in this case, interrogated the appellants without informing them of their right to assistance of counsel or their right to remain silent. The order upon which the subsequent citation of contempt was founded directly resulted from this interrogation. Therefore, in our view, the citation for contempt must also be reversed on the ground that it was based upon a court proceeding in which the appellants were denied statutory due process.

Id.

¶ 15. A child in youth court proceedings is entitled to certain due process rights that cannot be ignored. Sharp v. *1080 State, 127 So.2d 865, 869 240 Miss. 629, 638 (Miss.1961). At the beginning of an adjudication hearing, the youth court must explain to the parties the purpose of the hearing, the possible disposition alternatives, the right to counsel, the right to remain silent, the right to subpoena witnesses, the right to cross-examine witnesses testifying against him, and the right to appeal. Miss.Code Ann. § 43-21-557 (Rev.2004); In re T.L.C., 566 So.2d 691, 699 (Miss.1990).
¶ 16. For these reasons, we find that this case should be reversed and remanded for further proceedings consistent with this opinion.
¶ 17. THE JUDGMENT OF THE YOUTH COURT OF WARREN COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.