ISHEE, J.,
for the Court.
¶ 1. On July 27, 2004, KG. was adjudicated in the Youth Court of Holmes County to be a delinquent child. KG. was committed to the Columbia Training School and was placed on probation until her eighteenth birthday. Aggrieved by the court’s decision, KG. appeals. She asserts the following issues for this Court’s review:
I. Whether the court erred in adjudicating the minor, K. G., as a delinquent child.
II. Whether the court erred by proceeding with the dispositional hearing and committing the child to the training school by failing to comply with the specific requirements of the law.
III. Whether the minor received effective assistance of counsel.
IV. Whether the case at bar is ripe for adjudication.
Finding no error, we affirm.
FACTS
¶ 2. On July 20, 2004, the Holmes County Youth Court prosecutor filed a petition in the Chancery Court of Holmes County asserting that, on April 13, 2004, K. G., a female minor child born on August 19, *1052 1990, committed a simple assault against Jean A. Anderson, a teacher at Williams-Sullivan School, by pushing a desk in front of Anderson, causing her to fall and to injure her knee and back. On July 27, 2004, a hearing was held in the Youth Court of Holmes County to determine whether K. G.’s actions constituted a delinquent act. Robert G. Clark was appointed as counsel and represented K.G. during the hearing.
¶ 3. Anderson testified that, on April 13, 2004, KG. disrupted the class by turning over a granite top desk, which made a very loud noise. Consequently, Anderson walked toward the front of the classroom in order to press the “call light” to call the principal. Anderson testified that, as she walked by K. G., KG. pushed the desk in front of Anderson, in an effort to prevent her from pressing the call light, which caused Anderson to fall “real hard” on the floor.
¶ 4. On cross-examination, Anderson testified that after pushing the desk in front of her, K.G. did not apologize and acted as if nothing had happened. Anderson further testified that K.G. was suspended for three-days and given fifteen days at an alternative school as a result of the desk-pushing incident. Anderson also testified that during the first nine weeks of school K.G. had a grade point average of ninety-two, but that during the second nine weeks her grade point average dropped to sixty because she was not participating in class.
¶ 5. K. G.’s mother, Z. G., testified that K.G. was diagnosed with attention deficit disorder and had been on medication for the disorder for approximately five years. Z.G. further testified that K.G. visited a social worker once a month for approximately four or five years, and that during those visits she received psychological evaluations. Z.G. also testified that K.G. had been seeing a psychiatrist for a year and a half.
¶ 6. At the conclusion of the aforementioned testimony, the court found that the child’s therapy and medications were obviously not working because she assaulted a teacher. The court further determined that K. G.’s actions were a clear violation of the law and were consequently delinquent. Nonetheless, the court asked K. G.’s counsel whether he wanted KG. to testify, and K. G.’s counsel subsequently called her to the stand.
¶ 7. When asked why she pushed the desk in front of Anderson, K.G. replied that she just did it. She further testified that she did not need to go anywhere and that she would act differently in the future. K.G. also requested that she be put on probation.
¶ 8. In its ruling from the bench, the court ordered KG. to be committed to the Columbia Training School and, upon her release, be placed on probation until her eighteenth birthday. The court further ordered that the training school provide psychological evaluation and treatment for K.G. On July 28, 2004, the court entered an order memorializing the bench ruling.
ISSUES AND ANALYSIS
I. Whether the court erred in adjudicating the minor, K. G., as a delinquent child.
II. Whether the court erred by proceeding with the dispositional hearing and committing the child to the training school by failing to comply with the specific requirements of the law.
¶ 9. Under these two assignments of error, K.G. asserts that the court below failed to follow the provisions of Mississippi Code Annotated section 43-21-557 (Supp.2006), which provides in part that:
*1053 (1) At the beginning of each adjudicatory hearing, the youth court shall:
(a) verify the name, age and residence of the child who is the subject of the cause and ascertain the relationship of the parties, each to the other;
(b) ascertain whether all necessary parties are present and identify all persons participating in the hearing;
(c) ascertain whether the notice requirements have been complied with and, if not, whether the affected parties intelligently waived compliance in accordance with Section 43-21-507.
Mississippi Code Annotated section 43-21-557 also mandates that, at the beginning of each adjudicatory hearing, the youth court must inform the parties of the purpose of the hearing, the possible dispositions that may result, and that they have the right to counsel, the right to remain silent, the right to subpoena witnesses, the right to cross-examine adverse witnesses, as well as the right to appeal. Miss.Code Ann. § 43 — 21—557(l)(d)(e).
¶ 10. The adjudicatory hearing in the case sub judice began as follows:
THE COURT: Cause No. 26YC04 D0072 0099, the child, [K.G.] is here with her mother [Z. G.]; is that correct, Z. G.?
MS. COLLINS: Yes.
THE COURT: Also present is Ms. Jean A. Anderson, the alleged victim in this matter. Raise your hands to be sworn, please.
(Witnesses sworn.)
Go ahead, Mr. Gilmore.
Thus, the record reveals that the youth court failed to inform the parties of the purpose of the hearing and the possible dispositions that may result. The youth court further failed to inform K.G. that she had the following rights: the right to counsel, the right to remain silent, the right to subpoena witnesses, the right to cross-examine adverse witnesses, and the right to appeal.
¶ 11. The facts in the case sub judice are similar to those in In the Interest of L.C.A., 938 So.2d 300 (Miss.Ct.App.2006). In L.C.A, we held that, although the youth court failed to fully explain to the juvenile his rights, pursuant to Mississippi Code Annotated section 43-21-557, the youth court’s error was harmless because he was adequately represented by appointed counsel. Id. at 306 (¶ 18). In finding harmless error, we noted that the juvenile’s counsel cross-examined witnesses and called witnesses on behalf of the juvenile. Id. We further noted that the juvenile’s counsel did not complain at the adjudicatory hearing that the youth court failed to comply with Mississippi Code Annotated section 43-21-557. Id.
¶ 12. As in L.C.A., K.G. was represented at the adjudicatory hearing by her appointed counsel, Clark, who cross-examined Anderson. Clark also called Z.G. and K.G. to testify. The record further reveals that Z.G. and K.G. were served with a summons informing them that K.G. was being charged with the simple assault of Anderson. The summons also informed them that K.G. had the right to be represented by counsel and to subpoena witnesses. Morever, even though the youth court clearly failed to follow the mandates of Mississippi Code Annotated section 43-21-557, K.G. has failed to demonstrate any resulting prejudice or unfairness in the proceeding. Consequently, although we find that the youth court erred in not following statutory procedure, we also find that this error was harmless.
¶ 13. Under this assignment of error, K.G. also asserts that the youth court erred in its failure to established beyond a reasonable doubt that K.G. committed a *1054 delinquent act. We disagree. Mississippi Code Annotated section 97-3-7(1) (Rev. 2006) provides that “[a] person is guilty of simple assault if he ... attempts to cause or purposely, knowingly or recklessly causes bodily injury to another.” Mississippi Code Annotated section 43 — 21—105(j) (Supp.2006) defines a “delinquent act” as “any act, which if committed by an adult, is designated as a crime under state or federal law, or municipal or county ordinance other than offenses punishable by life imprisonment or death.” During her testimony at the adjudicatory hearing, K.G. admitted that she pushed the desk in front of Anderson. K.G. never claimed that her actions were accidents or that she did not mean to injure Anderson. When asked why she committed the act, K.G. explained that she just did it. Given K.G.’s own admission, we find no merit to K. G.’s claim that her delinquency was not established beyond a reasonable doubt. This issue is without merit.
¶ 14. K.G. also asserts that the youth court erred by failing to consider factors set forth in Mississippi Code Annotated section 43-21-603(3)(a) (Supp.2006). We disagree. Mississippi Code Annotated section 43-21-603(3) provides the following:
(3) If the child has been adjudicated a delinquent child, before entering a disposition order, the youth court should consider, among others, the following relevant factors:
(a) The nature of the offense;
(b) The manner in which the offense was committed;
(c) The nature and number of a child’s prior adjudicated offenses;
(d) The child’s need for care and assistance;
(e) The child’s current medical history, including medication and diagnosis;
(f) The child’s mental health history, which may include, but not be limited to, the Massachusetts Youth Screening Instrument version 2 (MAYSI-2);
(g) Copies of the child’s cumulative record from the last school of record, including special education records, if applicable;
(h) Recommendation from the school of record based on areas of remediation needed;
(i) Disciplinary records from the school of record; and
(j) Records of disciplinary actions outside of the school setting.
¶ 15. The court considered the testimony of Anderson concerning the incident and Z.G. concerning KG.’s medical history and prior offenses. Based upon that testimony, the court determined that the child’s therapy and medications were not working because she assaulted a teacher. The court further determined that K. G.’s actions were a clear violation of the law and were consequently delinquent. We find no merit to K G.’s claim that the youth court erred in failing to follow Mississippi Code Annotated section 43-21-603(3)(a). This issue is without merit.
III. Whether the minor received effective assistance of counsel.
¶ 16. The standard of review for a claim of ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To bring a successful claim for ineffective assistance of counsel, pursuant to the court’s ruling in Strickland, the defendant must prove that his attorney’s overall performance was deficient and that this deficiency deprived him of a fair trial. Id. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996) (citing Per *1055 kins v. State, 487 So.2d 791, 798 (Miss.1986)). We must be mindful of the “strong but rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic.” Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, the defendant must demonstrate “that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 9) (Miss.Ct.App.2003).
¶ 17. K.G. asserts that she received ineffective assistance of counsel because Clark did not file any pretrial motions, or subpoena witnesses, or compel or exclude production of evidence. Nevertheless, K.G. fails to establish that the result of the proceeding would have been different had Clark filed any pretrial motions, subpoenaed witnesses, or compelled or excluded the production of evidence. The record shows that Clark cross-examined Anderson and that he called Z.G. and K.G. to testify. We find that K.G. has failed to overcome the rebuttable presumption that an attorney’s performance falls within a wide range of reasonable professional assistance. Covington, 909 So.2d at 162. This issue is without merit.
IV. Whether the case at bar is ripe for adjudication.
¶ 18. Under this assignment of error, K.G. actually addresses the doctrine of mootness, rather than the doctrine of ripeness. Nonetheless, we decline to address this issue, as we have already addressed KG.’s other claims on the merits.
¶ 19. THE JUDGMENT OF THE YOUTH COURT OF HOLMES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ„ CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J. AND CHANDLER, J.